IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MUSTAFA A. HAMMAD,

    Plaintiff,

v.                                                 CASE NO. 5:17-cv-288-RH-GRJ

ALEX M. AZAR, II, in his capacity
as Acting Secretary of the United
States Department of Health and
Human Services,

    Defendant.
_____/

## O R D E R

This case involves a challenge by a medical doctor to a decision of the Medicare Appeals Council ("MAC")---a final agency decision---denying certain pf Dr. Hammad's Medicare claims and determining that Dr. Hammad had received an overpayment.

On April 6, 2018, Defendant filed his answer to Plaintiff's Complaint and a Notice of Administrative Record Certification. ECF Nos. 7 & 8. Because the case involves a request to review final action by an administrative agency, the Court scheduled a case management hearing, rather than entering a case management schedule, to address filing and access to the administrative record and the deadlines and form for briefing the issues by the parties.

1

On April 12, 2018, the Court conducted the case management conference and memorialized in a case management order the Court's rulings at the conference. ECF No. 11. In addition to setting a briefing schedule authorizing Plaintiff to file an initial brief, Defendant to file a response brief and granting Plaintiff permission to file a reply brief, the Court admonished the parties that motion practice under Rules 12(c) and 56 of the Federal Rules of Civil Procedure was not appropriate in a case like this. Rather than filing briefs, as directed by the Court, the parties instead filed competing motions for judgment on the pleadings and/or for summary judgment. Summary judgment and a motion for judgment on the pleadings are not appropriate. Instead, the Court can and will resolve the issues in this case on the briefing submitted by the parties.

Accordingly, because Plaintiff's initial brief, ECF No. 16, was docketed as a motion and Defendant's response brief, ECF No. 19, also was docketed as a motion, the Clerk is directed to re-docket Plaintiff's motion, ECF No 16, as Plaintiff's Initial Brief and re-docket Defendant's Motion, ECF No. 19, as Defendant's Response Brief. The Clerk also is directed to terminate ECF Nos. 16 & 19 as motions requiring action. The

Court will resolve the issues in this case on the briefs.

**DONE AND ORDERED** this 27th day of February 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge